UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL BELANGER

VERSUS

GEICO GENERAL INSURANCE
COMPANY

CIVIL ACTION

NUMBER 13-752-SCR

### **RULING MOTION TO COMPEL DISCOVERY**

Before the court is the Motion to Compel Discovery filed by the plaintiff. Record document number 19. Defendant filed a response.[1]

Plaintiff filed this motion on July 28, 2014 to compel the defendant to respond to his interrogatories and requests for production of documents served on May 19, 2014.[2] Plaintiff specifically sought to have the defendant provide the identity of the claims adjuster and to provide deposition dates. Plaintiff also sought all other relief available, which the court interprets to mean an award of expenses incurred in connection with the motion.

Plaintiff's efforts to obtain the discovery responses without court action were unsuccessful; as of the date the motion was filed, no answers had been served and responsive documents had not

---

[1] Record document number 22. Pursuant to the court's order, the plaintiff filed a Supplemental Memorandum in Support of Motion to Compel Discovery. Record document number 21.

[2] Record document number 11-1, Memorandum in Support of Motion to Compel Discovery, p. 1.

been produced.  In its response to the motion the defendant asserted that "it has answered all outstanding discovery from Plaintiff, and provided Plaintiff['s] counsel with its responses ... [and] has also provided the identity of its corporate representative for deposition, and is working with the plaintiff['s] counsel to select a convenient date."[3]  Defendant did not state when it served its discovery responses, nor did the defendant state that it identified the claims adjuster who made the decisions pertinent to the evaluation of the underlying claim for settlement purposes.  Plaintiff explained in his supplemental memorandum that the defendant did not confirm Clara Rivera, or someone else, as the correct claims adjuster so that the adjuster could be deposed.  Plaintiff has not further supplemented his motion or advised the court that the defendant's discovery responses are otherwise substantively deficient.

In these circumstances, the court finds that the defendant did not serve its discovery responses until after this motion was filed.  Based on the vagueness of the defendant's response to the motion, the court cannot find that the defendant has identified the claims adjuster who evaluated the underlying claim for settlement purposes.  While it may have done so, that cannot be determined from the defendant's response.  Identifying a Rule 30(b)(6), Fed.R.Civ.P., corporate representative is not the same as

---

[3] Record document number 22.

identifying the adjuster.

In these circumstances, under Rule 37(a)(3) and (d)(1)(A), Fed.R.Civ.P., the plaintiff is entitled to relief. If it has not already done so, the defendant is required to identify the claims adjuster who made the decisions pertinent to the evaluation of the underlying claim for settlement purposes. Defendant's response shall comply with the requirements of Rule 33(b)(1)(B), (b)(2) and (b)(5). No objections will be allowed.[4]

Insofar as the plaintiff sought to compel the defendant to provide deposition dates, an order is not required. Rule 30, Fed.R.Civ.P., does not require the parties to agree on a deposition date. All the rule requires is reasonable written notice. While the best course is for the parties to agree on a convenient date, time and place for a deposition – which they are apparently trying to do, failure to so is not a good reason to indefinitely postpone noticing a deposition.

These circumstances also support finding there is good cause to extend the time for the plaintiff to complete his fact discovery. Plaintiff shall have until September 29, 2014 to depose the claims adjuster identified in the defendant's discovery responses or in its response to this ruling.

---

[4] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D.Miss. 1990).

Defendant sought an award of expenses. Rule 37(d)(3), Fed.R.Civ.P., incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi). Serving its discovery responses after the motion was filed does not relieve the defendant of payment of expenses. Rule 37(a)(5)(A). Plaintiff did not seek an award of a particular amount. A review of the motion papers supports finding that the amount of $300 is reasonable. There are no circumstances which make an award of expenses unjust.

Accordingly, the plaintiff's Motion to Compel Discovery is granted, in part. If it has not already done so, within 10 days the defendant shall identify the claims adjuster who made the decisions pertinent to the evaluation of the underlying claim for settlement purposes. Defendant's response shall comply with the requirements of Rule 33(b)(1)(B), (b)(2) and (b)(5). No objections will be allowed. Plaintiff is awarded his reasonable expenses in the amount of $300, to be paid by the defendant within 10 days.

Plaintiff is granted an extension of time until September 29, 2014 to depose the claims adjuster identified in the defendant's discovery responses or in its response to this ruling.

Baton Rouge, Louisiana, August 19, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE