UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL L. BELANGER

VERSUS

GEICO GENERAL INSURANCE COMPANY

CIVIL ACTION

NUMBER 13-752-SCR

**RULING ON MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Before the court is GEICO 'S Motion To Dismiss Plaintiff's Claims Pursuant to Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted, Or Alternatively Motion for Summary Judgment. Record document number 23. The motion is opposed.[1]

For the reasons which follow, the defendant's motion is granted.

**Background**

Plaintiff filed a Petition for Damages ("Petition") in state court against GEICO General Insurance Company ("GEICO") alleging a claim based on GEICO's bad faith failure to settle a claim and lawsuit for the policy limits. Plaintiff alleged that he and GEICO's insured, Natalie N. Stephen, were in an automobile accident on December 27, 2007. Plaintiff sued Stephen and GEICO in state court. Plaintiff alleged that he offered to settle his claim against Stephen and GEICO for the policy limits of $25,000 numerous

---

[1] Record document number 25. Defendant filed a reply memorandum. Record number 30.

time before the trial, however GEICO rejected his offers. After the trial on April 26, 2011, the court rendered a judgment against Stephen in the amount of $450,000 and against GEICO for the policy limits of $25,000, plus interest and court costs. Defendants' Motion for Judgment Notwithstanding the Verdict and Motion for New Trial was denied in court on September 8, 2011 and signed order was issued on November 17, 2011. Defendants appealed the case to the Louisiana First Circuit of Appeal, and the appellate court affirmed the trial court's judgment on November 13, 2012. Defendants' application for a Writ of Certiorari to the Louisiana Supreme Court was denied on April 1, 2013.

GEICO paid the policy limits to the plaintiff in May 2013. On September 25, 2013, he entered into a compromise agreement with Stephen, by which he acquired any rights she had against GEICO arising from the excess judgment against her due to GEICO's alleged bad faith handling of her claim. Plaintiff filed the Petition against GEICO in state court on October 4, 2013. The case was subsequently removed to this Court on November 20, 2013.

Defendant moved to dismiss the plaintiff's claims arguing that it is facially apparent from the allegations in the plaintiff's Petition that his claim against GEICO is barred by Louisiana's one-year prescription period. Defendant argued that the plaintiff's cause of action based on an insurer's bad faith failure to settle a claim is a delictual action that is subject to a one-year

prescriptive period. Defendant cited Louisiana case law holding that the right to enforce such an action begins when a judgment is entered on the principal demand in excess of the policy limits that harms the insured. Defendant argued that the prescriptive period began at the time the state court entered a judgment on against Stephen on April 26, 2011, and expired one year from that date. Thus, defendant argued, the plaintiff's claim alleged in the Petition filed on October 4, 2013 is prescribed.

Plaintiff opposed the motion, arguing that the prescriptive period did not begin until Stephen had knowledge that she was injured by her insurer's bad faith failure to settle. Plaintiff argued that the date of injury was when the Louisiana Supreme Court denied review, thereby exhausting her appellate rights. In the alternative, the plaintiff asserted that the Louisiana jurisprudential exception of *contra non valentem* should exempt the claim from prescription because Stephen was unaware of GEICO's settlement actions that formed the basis of her bad faith claim until she was informed by the plaintiff's counsel, which was after appeal process had been exhausted.

## **Applicable Law**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P. the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual

3

allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Rule 8(a)(2), Fed.R.Civ.P.). The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If

4

the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence, or resolve factual disputes. *Id.*; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000). A genuine issue of material fact exists when the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party. *Amerisure Ins. Co. v. Navigators Ins.Co.*, 611 F.3d 299, 304 (5th Cir. 2010).

On summary judgment, evidence may only be considered to the extent not based on hearsay or other information excludable at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

The substantive law dictates which facts are material. *Canady v. Bossier Parish School Bd.*, 240 F.3d 437, 439 (5th Cir. 2001). Under Louisiana law, delictual actions have a prescriptive period that commence one year "from the date injury or damage is sustained."[2] *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 295 (5th Cir. 2003). While the party asserting prescription initially generally bears the burden of proof, this burden shifts to the plaintiff to show that the claim has not prescribed if prescription is evident from the allegations in the petition. *Quinn v. Louisiana Citizens Property Ins. Corp.*, 2012-0152, La. 11/2/12, 118 So.3d 1011, 1017. "Although evidence may be introduced to support or controvert the exception, in the absence of evidence, an exception of prescription must be decided upon the facts alleged in the petition with all allegations accepted as true." *Id.*, *citing*, La. C.C.P. art. 931; *Wells v. Zadeck*, 11-1232, p. 7 (La. 3/30/12), 89 So.3d 1145, 1149–1150.

*Contra non valentem* is a Louisiana jurisprudential doctrine under which prescription may be suspended. *Kling Realty Co., Inc. V. Chevron USA, Inc.*, 575 F.3d 510, 517 (5th Cir. 2009). "The doctrine of *contra non valentem* prevents the running of liberative prescription where the cause of action is not known or reasonably knowable by the plaintiff." *Cole v. Celotex Corp.*, 620 So.2d 1154,

---

[2] See also, La. Civ.Code art 3492. The parties do not dispute the application of the one year Louisiana tort prescriptive period.

1156 (La. 1993). Under the rule of *contra non valentem*, the prescriptive period "commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based." *Eastin v. Entergy Corp.*, 2003-1030 (La. 2/6/04) 865 So.2d 49, 55.

The Louisiana Supreme Court recognizes four situations where *contra non valentem* applies: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. *Wells v. Zadeck*, 11-1232, (La.3/30/12); 89 So.3d 1145, 1150. This doctrine is only utilized in exceptional circumstances. *Specialized Loan Servicing, LLC v. January,* 2012-2668 (La. 6/28/13) 119 So.3d 582, 585, *citing*, La. C.C. art. 3467, Official Revision Comment (d).

In the absence of any decisions by the Louisiana Supreme Court or state appellate courts on an issue of state law, this court is required to employ the appropriate Louisiana methodology to decide the issue the way that it believes the Supreme Court of Louisiana

7

would decide it. *In re Whitaker Const. Co., Inc.*, 439 F.3d 212, 224-25 (5th Cir. 2006); *Shaw Constructors v. ICF Kaiser Engineers, Inc.*, 395 F.3d 533, 546-47 (Cir. 2004), *cert. denied*, 546 U.S. 816, 126 S.Ct. 342 (2005), citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In making an "*Erie* guess" the court must employ Louisiana's civilian methodology, whereby the court first examines primary sources of law - the constitution, codes and statutes. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003).

## **Analysis**

For the purpose of this ruling, the court accepts as true the factual allegations in the Petition, namely those in paragraphs 1 - 21.[3] Neither party relied on any affidavit, deposition testimony, document or discovery response to support or oppose the defendant's motion. The allegations in the Petition and the parties' arguments

---

[3] Plaintiff alleged in the Petition that GEICO did not timely notify Stephen of his offers to release her in exchange for payment of the policy limits. Record document number 1-2, Petition, ¶ 21. GEICO denied this allegation in its Answer to Petition for Damages on Behalf of GEICO General Insurance Company. Record document number 4, p. 4, ¶ 21. GEICO did not argue in its motion that it kept Stephen fully and timely informed on the plaintiff's pre-trail settlement offers. For the purpose of this ruling, the court accepts the plaintiff's factual allegation that GEICO did not timely notify Stephen of the plaintiff's offer to release her in exchange for payment of the policy limits. The court does not accept as a fact the allegation that GEICO failed to negotiate a settlement of the plaintiff's claim against Stephen in good faith. Whether GEICO acted in good or bad faith is a conclusion that would have to be based the particular facts and circumstance in this case - evidence which is not before the court on this motion.

support finding that the plaintiff failed to timely bring his claim against GEICO for its alleged bad faith failure to settle his claim against Stephen. The facts alleged in the Petition establish that the claim prescribed on April 26, 2012, one year after the state trial court entered its excess judgment against Stephen.

While neither party cited any Louisiana Supreme Court or appellate court cases that addresses this specific issue, the case cited by the defendant, *Mathies v. Blanchard,* is persuasive.[4] In *Mathies,* the Louisiana First Circuit Court of Appeal found that entry of the judgment on the principal demand in excess of the policy limits harms the insured and gives rise to the right to enforce the cause of action for a insurer's bad faith failure to settle a claim against its insured within the policy limits. Although the appellate court was addressing the issue of prematurity rather than prescription of the claim, the court established that the injury/damage arising from an insurer's bad faith refusal to settle was sustained at the time an excess judgment was entered.[5] Because the allegations in the Petition

---

[4] 988-989 (La.App. 1 Cir. Feb. 21, 2007), 959 So. 2d 986.

[5] Similarly, Louisiana courts have found that in a claim for indemnification based on a tortious act, prescription begins to run when judgment has been rendered against the indemnity claimant as that is when the loss or damage is sustained. *Reggio v. E.T.I.* 2007-1433, (La. 12/12/08) 15 So.3d 951, citing, *Wiggins v. State Through Dept. Of Transportation and Development*, 97-0432 (La.App. 1 Cir. 5/15/98), 712 So.2d 1006, 1011; *Carpenter v. Lafayette Woodworks, Inc.*, 504 So.2d 179 (La.App. 3rd Cir. 1987).

show that the Petition was filed more than one year after the state court entered an excess judgment, the burden shifted to the plaintiff to show that prescription was interrupted by the state court appeal process or did not commence on the date of the judgment.

Plaintiff argued that Stephen had no knowledge that she was injured by GEICO's bad faith failure to settle until after the Louisiana Supreme Court affirmed the excess judgment. Plaintiff cited no Louisiana statute or case law to support finding that the injury/damage in a bad faith failure to settle claim against an insurer only occurs when the insured acquires actual knowledge of the specific acts which constitute the bad faith acts. Plaintiff offered no evidence or other persuasive argument to show that, in this case, prescription on the bad faith failure to settle claim was interrupted or suspended by the appeal process.[6]

With respect to the plaintiff's argument in favor of applying the *contra non valentem* doctrine, the plaintiff failed to provide any facts to establish one of the four recognized exceptional situations. As noted above, the court assumes that GEICO failed to inform Stephen before the trial of the plaintiff's policy-limits

---

[6] According to GEICO's reply memorandum, only the amount of the judgment covered by its policy was suspensively appealed; the excess amount of the judgment against Stephen was appealed devolutively. Record document number 30, p. 1. Consequently, execution of the excess judgment against Stephen could have proceeded notwithstanding the pending appeal.

settlement offers. Plaintiff also argued that Stephen was "kept in the dark, never appraised of the offers of compromise nor warned of per potential liability, and was ignored ... both during the negotiation process and again during the post-trial appeal process."[7] Plaintiff also argued that she "cannot be burdened with the obligation to, on her own, be 'put on guard and call for inquiry' as her attorneys appeal the judgment."[8]

But the plaintiff's argument regarding being kept in the dark post-judgment during the appeal process is not supported by an allegation in the Petition, nor by an affidavit from Stephen or her state court attorney(s), or by any deposition testimony, document or discovery response describing what she was told or what she knew or did not know about the plaintiff's pre-trial settlement offers. Plaintiff failed to produce any actual evidence to support the conclusion that the facts which support a bad faith cause of action against GEICO were not known to Stephens before April 26, 2012. In this case, because the claim is prescribed on the face of the Petition, it is the plaintiff's burden to show that Stephen did not know of the facts which support a bad faith claim against GEICO before April 26, 2012.

The Louisiana Supreme Court has noted that *contra non valentem* "will not exempt the plaintiff's claim from the running of

---

[7] Record document number 25, p. 3.

[8] *Id.*

11

prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned."[9] Plaintiff failed to come forward with any evidence to show that Stephen could not have discovered through the exercise of reasonable diligence the facts concerning GEICO's pretrial actions and that her lack of knowledge was not attributable to her own neglect. The judgment rendered against Stephen was far, far in excess of her GEICO policy limits. Plaintiff did not allege or argue that Stephen was unaware of the excess judgment. The vast disparity between the amount of the excess judgment and the policy limits alone was enough to put any reasonable person on notice of the need to inquire into the insurer's handling of the claim. A jury, drawing all reasonable inferences in favor of the plaintiff, could not conclude otherwise. In this case, such an inquiry would have led to the discovery of the plaintiff's pretrial policy-limits settlement offers. In the circumstances of this case, accepting the plaintiff's argument that Stephen had no duty of inquiry while the excess judgment was on appeal would be contrary to Louisiana Supreme Court jurisprudence. Thus, the plaintiff failed to establish an exceptional circumstance that warrants the application of the doctrine of *contra non valentem* to exempt his claim from prescription.

---

[9] *Marin v. Exxon Mobil Corp.*, 09-2368, La. 10/19/10, 48 So.3d 234, 246, citing, *State Through Div. of Admin. v. McInnis Bros. Const.*, 97-0742, p. 3 (La. 10/21/97); 701 So.2d 937, 940 n. 2.

## Conclusion

Plaintiff's claim against GEICO based on its bad faith failure to settle his claim against its insured prescribed on April 26, 2012. Plaintiff failed to show that prescription was interrupted or that the doctrine of *contra non valentem* applies.

Accordingly, GEICO 'S Motion To Dismiss Plaintiff's Claims Pursuant to Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted, Or Alternatively Motion for Summary Judgment is granted.

Baton Rouge, Louisiana, December 22, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE